UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X      Index No.:
ROBERT ZANE,

             Plaintiff,

  -against-                             COMPLAINT
                               PLAINTIFF DEMANDS A
                               JURY VERDICT

CITY OF NEW YORK, PORT AUTHORITY OF
NEW YORK AND NEW JERSEY, SILVERSTEIN
PROPERTIES, INC. a.k.a. WORLD TRADE
CENTER PROPERTIES, LLC., BOVIS LEND
LEASE, INC., MAZZOOCCHI WRECKING,
SCALAMANDRE & SONS d/b/a SCALAMANDRE
CONSTRUCTION, PHILLIPS AND JORDAN,

             Defendants.
------------------------------------------------------X

08 CV 7101

RECEIVED
AUG 0 8 2008
U.S.D.C. S.D. N.Y.
CASHIERS

     The Plaintiff, ROBERT ZANE, by and through his attorney, Law Office of Ryan S. Goldstein, P.L.L.C., upon information and belief, allege the following:

## AS AND FOR A FIRST CAUSE OF ACTION

1.    At all times hereinafter mentioned, the Plaintiff was an employee of the CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT.

2.    That at all times hereinafter mentioned, defendant CITY OF NEW YORK, DEPARTMENT OF SANITATION, NEW YORK CITY POLICE DEPARTMENT, DEPARTMENT OF HEALTH are municipalities organized and existing under laws of the State of New York.

3.    That at all times hereinafter mentioned, the defendant, SILVERSTEIN PROPERTIES, INC. a.k.a. WORLD TRADE CENTER PROPERTIES, LLC., was a domestic company organized under the laws of New York with office in the State of New York.

4.    That at all times hereinafter mentioned, the defendant, BOVIS LEND

LEASE, INC. was a domestic company organized under the laws of New York with offices in the State of New York.

5. That at all times hereinafter mentioned, the defendant, MAZZOOCCHI WRECKING, was a domestic company organized under the laws of New York with office in the State of New York.

6. That at all times hereinafter mentioned, defendant, SCALAMANDRE & SONS d/b/a SCALAMANDRE CONSTRUCTION, was a domestic company organized under laws of New York with offices in the State of New York.

7. That at all times hereinafter mentioned, the defendant, PHILLIPS and JORDAN, was a domestic company organized under the laws of New York with office in the State of New York.

8. That at all times hereinafter mentioned, defendant, SILVERSTEIN PROPERTIES, INC. a.k.a. WORLD TRADE CENTER PROPERTIES, LLC., and BOVIS LEND LEASE, INC., owned, managed, operated and maintained certain premises known as the "World Trade Center".

9. That between September 11, 2001 through September 19, 2001; Plaintiff was employed by the NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK as a Police Officer.

10. That between September 11, 2001 through September 19, 2001; and continuing, Plaintiff was performing his duties at one or more of the aforementioned sanitation facilities own by the CITY OF NEW YORK, SILVERSTEIN PROPERTIES, INC. a.k.a. WORLD TRADE CENTER

11. That the plaintiff, ROBERT ZANE ("ZANE") has complied with all the conditions precedent to the commencement of the within action against the defendants; plaintiff's Notice of Claim and intention to sue having been served upon THE CITY OF NEW YORK, on August 15, 2007; that thirty (30) days have elapsed and this claim remains unpaid and unadjusted; that this action is being commenced herewith, within one (1) year and ninety (90) days from the date that the within cause of action having been caused to accrue.

12. While at Ground Zero, ZANE was required to sift through piles of debris which was transported from Ground Zero for purposes of recovering human remains as well personal property of those living and deceased victims of the 9/11 attacks for the purpose of inventorying the recovered items in a unventilated trailer which was stationed on the Landfill, as well as identifying some of the victims remains.

13. That on or about February 2007, plaintiff, ZANE began experiencing respiratory problems such as difficulty breathing, wheezing, and coughing blood.

14. Following ZANE'S complaints, ZANE was diagnosed with kidney cancer.

15. That the plaintiff, ROBERT ZANE has complied with all the conditions precedent to the commencement of the within action against the defendants; plaintiff's Notice of Claim and intention to sue having been served upon THE CITY OF NEW YORK, on August 15, 2007; that thirty

(30) days have elapsed and this claim remains unpaid and unadjusted; that this action is being commenced herewith, within one (1) year and ninety (90) days from the date that the within cause of action having been caused to accrue.

16. At all times relevant, between September 11, 2001 through September 19, 2001; and continuing, the CITY OF NEW YORK and the various named defendants were negligent, reckless, and careless in failing to provide the proper equipment, training, warning and/or devices to the Plaintiff thereby causing them to be suffer various respiratory injuries resulting from unhealthy working conditions while working at Ground Zero.

17. That Plaintiff sustained serious and permanent injury to his health and well being, endure, and continue to endure, pain and suffering, and have become sick, sore, lame and disabled and obligated to incur and expend sums of money for medical care and will require medical monitoring for the rest of his life.

18. That this action falls within one of more of the exceptions as set forth in CPLR Section 1602.

19. That by reason of the foregoing, Plaintiff has sustained damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

20. The Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "24" as if set forth at length herein.

21. That the defendant CITY OF NEW YORK and the various named defendants had knowledge or had constructive knowledge, that causing the Plaintiff to be exposed to the elements that are deleterious to his health in the workplace(s) hereinabove mentioned would cause severe physical and mental injury.

22. That the Defendant CITY OF NEW YORK and the various named defendants were negligent, reckless and careless and exhibited gross indifference to human life in failing to provide a safe place to work.

23. That in doing the acts herein described Defendant CITY OF NEW YORK and the various named defendants acted recklessly, willfully and in wanton disregard for the health and well being of Plaintiff thereby making this an appropriate cause of action for punitive damages.

24. That Plaintiff has sustained serious and permanent injury to his health and well being, endure pain and suffering, and have become sick, sore, lame and disabled and obligated to incur and expend sums of money for medical care and will require medical monitoring for the rest of his life.

25. That by reason of the foregoing, Plaintiff has sustained damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION

26. The Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "30" as if set forth at length herein.

27. That the Defendant CITY OF NEW YORK and the various named defendants were reckless, careless and negligent in failing to provide these

Plaintiff with proper and/or appropriate and/or necessary respiratory and other bodily protection and/or protection from toxins and other elements during the time that Plaintiff was working at the sanitation facilities herein above mentioned.

28. That Plaintiff has sustained serious and permanent injury to his health and well being, endure, and continue to endure pain, suffering, and have become sick, sore, lame and disabled and obligated to incur and expend sums of money for medical care and will require medical monitoring for the rest of his life.

29. That by reason of the foregoing, Plaintiff has sustained damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION

30. That Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "34" as if set forth at length herein.

31. That the Defendant CITY OF NEW YORK and the various named defendants failed to warn Plaintiff that he was engaging in ultra hazardous activities in the handling, inhaling and contacting the aforementioned toxic, deleterious and harmful elements.

32. That the Plaintiff has sustained serious and permanent injury to their health and well being, endure, and continue to endure, pain and suffering, and have become sick, sore, lame and disabled and obligated to incur and extend sums of money for medical care and will require medical monitoring for the rest of his life.

33. That by reason of the foregoing, Plaintiff has sustained damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION

34. The Plaintiff repeats and realleges all of the allegation set in paragraphs "1" through "38" as if set forth at length herein.

35. That the Defendant CITY OF NEW YORK and the various named defendants failed to comply with the applicable provisions and requirements of the Occupational Safety and Health Act of 1970 (OSHA Act) 29 U.S.C. Sections 654, et seq., the provision of C.F.R. Sections 1910, 28, 1910.132-134, 1910.146, 1910.156,k 1910.1001, 1910.1025, 1910, 1910.1027, 1910.1000 and 1910.1200, New York State Labor Law, including but not limited to Article 2 section 27-a, Article 28, 12 NYCRR section 820.4, the New York State Industrial Code and other applicable rules, regulations and statutes.

36. That the Defendant CITY OF NEW YORK and the various named defendants have willfully, wantonly, knowingly and deliberately violated these statutes, rules, regulations, and other applicable provisions, thereby making this an applicable provisions, thereby making this an appropriate cause of action for punitive damages.

37. That Plaintiff has sustained serious and permanent injury to their health and well being, endure, and continue to endure, pain and suffering and have become sick, sore lame and disabled and obligated to incur and expend sums of money for medical care and will require medical

38. That by reason of the foregoing, Plaintiff has sustained damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A SIXTH CAUSE OF ACTION

39. The Plaintiff repeats and realleges all of the allegations set forth in paragraphs "1" through "43" as if set forth at length herein.

40. That the Defendant CITY OF NEW YORK and the various named defendants failed to properly monitor the air, or to cause some other entity to properly monitor the air, at its sanitation facilities and failed to properly notify the Plaintiff of the dangerous levels of toxins, contaminants and teratogens and other harmful elements in the air at the aforementioned sanitation facilities thereby subjecting Plaintiff and his family to harm which has rendered them sick, sore, lame and disabled and caused extreme mental anguish.

41. That by reason of the foregoing, Plaintiff has sustained serous and permanent injury to their health and well being, endure, and continue to endure, pain and suffering, and have become sick, sore, lame and disabled and obligated to incur and expend sums of money for medical care will require medical monitoring for the rest of his life.

42. That by reason of the foregoing, Plaintiff has sustained damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A SEVENTH CAUSE OF ACTION

43. The Plaintiff repeats and realleges all of the allegations set forth in

paragraph "1" through "47" as of set forth a length herein.

44. That the failure of the Defendant CITY OF NEW YORK and the various named defendants to inform and educate Plaintiff that quality of the air that they were breathing at these aforementioned sanitation facilities caused Plaintiffs and each of them to unwittingly expose his family to the toxins, contaminants, teratogens and other harmful elements that were introduced into their clothes and vehicles by reason of the negligence of Defendant as herein described.

45. That as a result of the foregoing, the Plaintiff has subjected his family to the harmful effects of the aforementioned exposure.

46. That as a result of the foregoing, Plaintiff and his family will incur the expenses and mental anguish resulting from the aforementioned exposure of their families will incur the expenses and mental anguish resulting from the aforementioned exposure of his family and will require monitoring for the rest of their life.

47. That by reason of the foregoing, Plaintiff has sustained damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

**WHEREFORE**, each Plaintiff demands judgment against Defendants as follows:

On the FIRST CAUSE OF ACTION, the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

On the SECOND CAUSE OF ACTION, the sum of FIVE MILLION ($5,000,000.00) DOLLARS plus punitive damages in the sum of THREE MILLION ($3,000,000.00) DOLLARS;

On the THIRD CAUSE OF ACTION, the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

On the FOURTH CAUSE OF ACTION, the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

On the FIFTH CAUSE OF ACTION, the sum of FIVE MILLION ($5,000,000.00) DOLLARS plus punitive damages in the sum of THREE MILLION ($3,000,000.00) DOLLARS;

On the SIXTH CAUSE OF ACTION, the sum of FIVE MILLION ($5,000,000.00) DOLLARS;

On the SEVENTH CAUSE OF ACTION, the sum of FIVE MILLION ($5,000,000.00) DOLLARS; together with interests and costs, and such other and further relief as to this Court may seem just and proper.

Dated:   New York, New York
         August __, 2008

                                        LAW OFFICE OF
                                        RYAN S. GOLDSTEIN, PLLC

                                        By: _____
                                            Ryan S. Goldstein (RG 5231)
                                            Attorney for Plaintiff
                                            ROBERT ZANE
                                            40 Exchange Place, Suite 1205
                                            New York, New York 10005
                                            (212) 422-1020